UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| LILIYA VITYUKOV, | 09-6181-TC |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATION |
| CHASE BANKCARD SERVICES, INC., an enterprise affecting interstate commerce; BISHOP, WHITE, & MARSHALL, P.S., predicate actor involved in schemes violating Oregon laws providing fraud and extortion and racketeering are criminal offenses, | |
| Defendants. | |

COFFIN, Magistrate Judge:

Plaintiff, Liliya Vityukov (Vityukov), who proceeding without counsel in this action, alleges that Defendants have engaged in racketeering and other fraudulent acts. Defendants filed a motion to dismiss (dkt. # 8) for failure to state a claim on March 7, 2010. Plaintiff filed her response and counter motion to dismiss (dkt. # 12) on May 4, 2010. For the reasons outlined below, I recommend that the court deny Plaintiff's motions to dismiss and to strike, and grant Defendants' motion to

Page 1 - FINDINGS and RECOMMENDATION

dismiss on grounds of claim preclusion and/or issue preclusion.

## Legal Standards

A motion to dismiss under Rule 12(b)(1) raises the question of the court's subject matter jurisdiction over the action. In other words, the movant asserts that the court has no authority to hear and decide the case. The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction on a motion to dismiss for lack of subject matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, 546 F.3d 981, 984 (9th Cir. 2008). Dismissal for lack of subject matter jurisdiction is proper if the complaint, considered in its entirety, fails to allege facts sufficient to establish subject matter jurisdiction. Id.

A motion to dismiss under Rule 12(b)(6) is subject to a stringent review standard. A court should not dismiss a claim unless it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir. 1986). The review is limited to the complaint and all allegations of material fact are taken as true and viewed in a light most favorable to the nonmovant. Cassettari v. Nevada County Cal., 824 F.2d 735, 737 (9th Cir. 1987). The ultimate issue is not whether the pleading party will ultimately prevail, but instead whether that party is entitled to offer evidence in support of its claim. Scheuer v. Rhodes, 416 U.S. 232 (1974).

## Background

On June 26, 2009, Vityukov filed this lawsuit seeking damages stemming from a debt collection action initiated by Defendants Chase Bankcard Services (Chase) and its legal counsel Bishop, White & Marshal, P.S. (Bishop) in Polk County Circuit Court. Vityukov neither filed an answer nor appeared in court in the Polk County action, and the circuit court entered an Order of

Page 2 - FINDINGS and RECOMMENDATION

Default and General Judgment and Monetary Award against her on June 25, 2008. Vityukov filed a Complaint for Relief from Void Judgment and Declaratory Relief with the circuit court on February 3, 2009. The circuit court sua sponte entered an order denying this motion on February 4, 2009. Undeterred, Vityukov filed a new action against Chase and Bishop in Polk County Circuit Court on March 3, 2009. This action was dismissed, with prejudice, on May 12, 2009. Vityukov filed this action in federal court on June 26, 2009. Approximately six months later, on February 24, 2010, Vityukov filed a Petition to Vacate Void Judgment in the Polk County case. On March 5, 2010 the circuit court again denied this petition. The judgment remains unpaid.

## Discussion

### A. Plaintiff's Motion to Strike and Request for Disclosure

At the onset, I consider Vityukov's motion to dismiss Defendants' "improper" pleadings signed by Krista L. White, one of which is the Defendants' motion to dismiss. I construe this as a motion to strike. Fed. R. Civ. P. 12(f) provides that a court may, upon the motion of a party or sua sponte, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings signed by counsel are not improper for the reason that they are signed by counsel. On the contrary, Fed. R. Civ. P. 11(a) states that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . ." It appears that White signed these pleadings, including the motion to dismiss, pursuant to the Federal Rules of Civil Procedure, meaning there is no support for Vityukov's motion to strike. Furthermore, the exhibits attached to White's Declaration are not pleadings under Fed. R. Civ. P. 7. Even if they were; however, the exhibits are relevant to Defendants' motion to dismiss. These exhibits are not redundant as they are not duplicated in other evidence. Finally, these exhibits could hardly be

Page 3 - FINDINGS and RECOMMENDATION

construed as scandalous since the majority of which are public record or in the possession of Vityukov. Accordingly, I recommend that the court deny Vityukov's motion to strike.

Vityukov also requests disclosure of attorney-client communications. These communications are privileged, and there is no indication Defendants have waived their rights. Therefore, I recommend that the court deny Vityukov's request to compel disclosure. Finally, Vityukov requests the court's aid in the arrest and prosecution of White and inquiry into the racketeering activities of Chase. This is beyond the court's discretion and should also be denied.

### B. Defendants' Motion to Dismiss

Defendants argue that Vityukov's claims are barred by claim preclusion and issue preclusion and move to dismiss under Rule 12(b)(6). In the alternative, Defendants request a more definite statement according to Fed. R. Civ. P. 12(e). Finally, Defendants request attorney's fees.

Claim preclusion or res judicata protects litigants from having to defend against multiple lawsuits over the same claims. Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c). Under the Full Faith and Credit Clause of the Constitution and under 28 U.S.C. § 1738, federal courts are required to give state court judgments the same preclusive effect as the judgments would be given in another state court within that state. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380 (1984). Oregon law recognizes claim preclusion. Lincoln Loan Co. v. City of Portland, 340 Or. 613, 617-18. There are three elements of claim preclusion. Id. at 618. First, the action will be barred if the claim in the second action is a claim based on the same factual transaction that was at issue in the first. Id. (citing Rennie v. Freeway Transport, 294 Or. 319, 232 (1982)). Second, the claimant is seeking an additional or alternative remedy to the first action. Id. Third, if the claim is of such a nature as it could have been brought originally in the first action. Id.

Page 4 - FINDINGS and RECOMMENDATION

Chase won a default judgment to collect a debt against Vityukov in Polk County Circuit Court, and Vityukov's subsequent motions to set aside the verdict were dismissed. Vityukov's complaint alleges unfair debt collection practices employed by Defendants. Thus, the factual allegations in this lawsuit arise from the same factual transactions at issue in the circuit court debt collection action. Next, Vityukov is seeking an alternative remedy, which she was unable to obtain at the circuit court. Vityukov is attempting to prevent enforcement of the default judgment. Finally, Vityukov could have brought this action in the original debt collection proceeding had she answered Chase's complaint and not received a default judgment.

Collateral estoppel or issue preclusion applies when the parties to a prior action, in a different action, again litigate issues actually litigated and determined in the prior action. State Farm Fire & Cas. v. Reuter, 299 Or. 155, 157 (1985). "[F]ederal courts have consistently accorded preclusive effect to issues decided by state court, thereby promoting comity between state and federal courts." Dexter v. Tran, 654 F. Supp. 2d 1253, 1260 (D. Wash. 2009) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). Oregon identifies five requirements for issue preclusion. Nelson v. Emerald People's Utility Dist., 318 Or. 99, 104 (1993). First, the issues in the two actions are identical. Id. Second, the issue was actually litigated and was essential to the final decision on the merits in the prior action. Id. Third, the party sought to be precluded had a full and fair opportunity to litigate that issue. Id. Fourth, the party sought to be precluded was a party or in privity to a party in the prior action. Id. Finally, the prior action was of the type of action this court would grant preclusive effect. Id. "[T]he party asserting issue preclusion bears the burden of proof on the first, second, and fourth factors, after which the party against whom preclusion is asserted has the burden on the third and fifth factors." Barackman v. Anderson, 214 Or. App. 660, 667 (2007).

Page 5 - FINDINGS and RECOMMENDATION

Here, Chase's debt collection action against Vityukov and Vityukov's current action arise from identical issues–the collection of a debt owed by Vityukov to Chase. Second, this issue was actually litigated. A default judgment is a final adjudication on the merits, and Vityukov had the opportunity to litigate all issues related to this action. Third, Vityukov had a full and fair opportunity to be heard. She failed to answer Chase's complaint at the circuit court, and she has already attempted to undo the default judgment at that level without success. It is clear from the circuit courts decisions that Vityukov already had an opportunity to be heard and is precluded from doing so again. Fourth, Vityukov was a party to both circuit court cases meaning she is bound to the circuit court's decisions. Finally, a circuit court decision is the type of proceeding where this court would acknowledge preclusive effect. Vityukov cannot prove otherwise, and she can not meet her burden.

I find that Vityukov's claims are barred by both claim preclusion and issue preclusion, and this court should grant Defendant's motion to dismiss under Rule 12(b)(6). Based upon this recommendation, Defendants' motion for more definite statement is moot. Finally, I recommend that the court decline Defendants' request for attorney's fees. Defendants ask for attorney's fees based on the Chase Cardmember Agreement. (Dkt. # 10 ex. 13). The Cardmember Agreement states: "[t]o the extent permitted by law, if you are in default because you have failed to pay us, you will pay our collection costs, attorneys fees, court costs, and all other expenses of enforcing our rights under this agreement." Id. This federal case cannot be construed as arising out of Defendants enforcing their right to collect. Instead, they are defending against various claims, including racketeering and fraud, brought by Vityukov. Accordingly, I recommend the court deny Defendants' request for attorney's fees.

///

Page 6 - FINDINGS and RECOMMENDATION

### C. Plaintiff's Motion to Dismiss Defendants' Counterclaim

Based on my recommendation that this court grant Defendants' motion to dismiss under, Vityukov's counter motion to dismiss is moot.

## Conclusion

### A. Order

I deny Vityukov's Motion to Strike and Motion for Disclosures.

### B. Recommendations

I recommend that this court grant Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6). I recommend that this court deny Defendants' motion for attorney's fees. I recommend that this court deny Vitukov's counter-motion to dismiss as moot.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 22 day of June 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge